UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MASON DAVIS, on behalf of himself and all
others similarly situated,

                      Plaintiff,

       v.

GOGO BUS TOURS INC d/b/a 2GO BUS and
JAY LIN,

                   Defendants.

-----------------------------------------------------------------X

Case No. 24-cv-05369

**COLLECTIVE AND CLASS ACTION COMPLAINT**

      Plaintiff MASON DAVIS ("Plaintiff" or "Davis") on behalf of himself, individually, and on behalf of all others similarly situated, by and through his attorneys, Rapaport Law Firm, PLLC, as and for his Complaint against defendants GOGO BUS TOURS INC d/b/a 2GO BUS ("GoGo Bus Tours") and JAY LIN ("Lin") (GoGo Bus Tours and Lin, collectively, "Defendants"), alleges, upon personal knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

      1.    This class and collective action is brought on behalf of Plaintiff and similarly-situated paratransit drivers to recover: (i) unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207, *et seq.* ("FLSA") and the overtime provisions of the New York Labor Law § 650 *et seq.* ("NYLL"); N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (ii) unpaid "spread of hours" premium wages for each day Plaintiff and putative class members worked shifts in excess of ten (10) hours, NYCRR tit. 12, § 142-2.18; (iii) statutory damages for Defendants' failure to comply with the NYLL's requirement that upon hiring, employers furnish their employees with a wage notice containing

specific categories of information, NYLL § 195(1)(a); (iv) statutory damages for Defendants' failure to comply with the NYLL's requirement that employers provide to their employees on each pay day wage statements containing specific information, NYLL § 195(3), NYCRR tit. 12 § 2.7; and (v) pre-judgment and post-judgment interest, attorneys' fees, and costs.

2. Defendants own, operate, and/or control a transportation enterprise based in Brooklyn, New York that provides paratransit services for disabled and elderly individuals through the Metropolitan Transit Authority's ("MTA") Access-A-Ride ("AAR") program. Under this publicly-funded program, individuals whose disabilities prevent them from taking New York City buses and subways are provided with transportation within New York City and nearby areas of Westchester and Nassau Counties, but in no instance beyond the boundaries of New York State.

3. Lin, the individual defendant, is the owner, manager, principal, and/or agent of GoGo Bus Tours, and, in this capacity, Lin managed and directly supervised approximately 35 paratransit drivers, including Plaintiff.  Lin directly controlled and determined the wages, work schedules, and duties of Plaintiff and putative collective and class members, and he had hiring and firing authority over all drivers.

4. Beginning in or about November 2022, and continuing until on or about July 18, 2024, Plaintiff was continuously employed by Defendants as a paratransit driver.

5. Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread-of-hours compensation for the hours that Plaintiff worked.

6. Defendants compensated Plaintiff at a fixed hourly rate for the hours he worked, without paying Plaintiff premium overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week. Throughout Plaintiff's

employment with Defendants, Plaintiff worked substantial overtime hours, including weeks when he worked six or seven days.

7. Defendants continued their foregoing, unlawful practice of failing and refusing to pay Plaintiff and other paratransit drivers premium overtime wages of one and one-half times their regular rates of pay for the substantial hours they worked in excess of forty (40) hours per week until approximately April 2024, when Defendants belatedly acceded to the drivers' demands for overtime pay.

8. In addition, until approximately April 2024, Plaintiff and other drivers were not paid any wages at all for some of the hours they worked because they were paid the same amount per shift, even when their assigned routes caused them to return to Defendants' garage later than the scheduled end of their work shifts. For example, Plaintiff worked evening shifts, and his regular daily work schedule was from 4:15 p.m. to 1:30 a.m. However, when his assigned routes took longer than anticipated, he would not return to the garage until 2:00 a.m. or later, and he did not receive any pay (let alone premium overtime pay) for the additional time he worked after 1:30 a.m.

9. Defendants' foregoing wage and hour violations extended beyond Plaintiff to similarly-situated paratransit drivers.

10. At all times relevant to this Complaint, until approximately April 2024, Defendants maintained a policy and practice of requiring Plaintiff and paratransit drivers to work in excess of forty (40) hours per week without providing overtime compensation as required by the FLSA and NYLL, and paying no wages for hours that drivers worked beyond the scheduled end of their work shifts.

11. Furthermore, in violation of the NYLL, Defendants failed to provide Plaintiff with accurate wage statements on each payday. Nor did Defendants provide Plaintiff with any wage notice at the time of his hire, let alone an accurate one.

12. Defendants paid and treated all of their paratransit drivers in the same manner.

13. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly-situated current and former paratransit drivers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the overtime provisions of the FLSA.

14. Plaintiff also brings this action on behalf of himself and all similarly-situated current and former paratransit drivers pursuant to Fed. R. Civ. P. 23 to remedy Defendants' violations of the NYLL and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

16. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their principal place of business within this judicial district, and Defendants operate their paratransit service in this judicial district. Further, Plaintiff was employed by Defendants in this judicial district.

## PARTIES

*Plaintiff*

17. Plaintiff is an adult individual residing in Queens County, New York.

18. At all relevant times during his employment, Plaintiff reported to work at Defendants' principal office, located at 172 Montrose Avenue, Brooklyn, New York 11206.

19. Each workday, Plaintiff was assigned by individual defendant Lin to transport AAR customers in Queens, Bronx, New York and/or Kings Counties.

20. At all relevant times, Plaintiff worked for Defendants in New York and was an employee entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

21. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings his claims individually and also as a representative party of a prospective collective of similarly situated individuals (paratransit drivers) under 29 U.S.C. § 216(b) and as a representative party of a prospective class under Fed. R. Civ. P. 23.

*Defendants*

22. At all relevant times, Defendants owned, operated, and/or controlled a paratransit business that provides transportation services for disabled and/or elderly individuals within New York City.

23. Upon information and belief, GoGo Bus Tours is a foreign corporation organized and existing under the laws of the State of Massachusetts, and authorized to conduct business in the State of New York.

24. Upon information and belief, GoGo Bus Tours maintains a principal place of business, including its garage facility, at 172 Montrose Avenue, Brooklyn, New York 11206, where drivers reported to work each day.

25. Upon information and belief, GoGo Bus Tours also maintains offices and/or a place of business at 292 Vista Drive, Jericho, New York 11753.

26. Lin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Lin is sued individually and in his capacity as owner, officer, managing member, and/or agent of the defendant corporation.

27. Upon information and belief, Lin is the President of GoGo Bus Tours.

28. Upon information and belief, Lin possesses operational control over, and an ownership interest in GoGo Bus Tours.

29. At all relevant times, Lin determined the wages and compensation of Defendants' employees, including Plaintiff, established the schedules of paratransit drivers, determined methods and rates of pay, maintained employee records, and had the authority to hire and fire employees.

30. On a day-to-day basis, Lin managed and oversaw the operations of GoGo Bus Tours' paratransit business.

31. Lin supervised Plaintiff and determined his work schedule and wages.

32. At all relevant times, Defendants were employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of Plaintiff's employment, and determined the rate and method of Plaintiff's compensation.

33. Upon information and belief, the annual dollar volume of gross revenue each year of GoGo Bus Tours exceeds $500,000.00, and it was and is an enterprise engaged in interstate commerce within the meaning of the FLSA as Defendants employ and employed two or more employees, bought supplies, materials and equipment, such as vehicles, deployable ramps and/or lifts, vehicle parts and garage supplies from vendors located in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

### The Proposed FLSA Collective.

34. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his FLSA overtime claim, the First Cause of Action, on behalf of himself and the FLSA Collective, which consists of:

> All persons who work or have worked as paratransit drivers commencing three years prior to the commencement of this action to the date of final judgment in this matter (the "Collective Action Members").

35. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were not exempt from the FLSA's overtime provisions, and they were subjected to Defendants' practice of not paying legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

36. Plaintiff and the approximately 35-plus Collective Action Members have substantially similar job duties (to wit, driving disabled individuals to and from locations in New York City), and they are paid pursuant to similar, if not the same, payment structure.

37. At all relevant times, Defendants were aware and have been aware of the requirements to pay Plaintiff and the Collective Action Members at amounts equal to one and one-half times their regular rates of pay for all hours worked each workweek above forty hours, yet they purposely and willfully chose not to do so.

38. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, unpaid overtime, an equal amount of liquidated damages, prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

39. The Collective Action Members are readily ascertainable, such information being in the possession and control of Defendants.

40. Plaintiff's consent to sue under the FLSA is annexed hereto as Exhibit A.

**The Proposed R. 23 Class.**

41. Plaintiff brings the Second through Fifth Causes of Action, the NYLL Claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons (the "Rule 23 Class" or "NYLL Class") consisting of:

> All persons who work or have worked for Defendants as paratransit drivers in New York during the NYLL limitations period.

42. The members of the NYLL Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

43. Upon information and belief, there are 35 or more members of the NYLL Class.

44. The NYLL Class members are readily ascertainable. The number and identity of the Rule 23 Class members are determinable from the records of Defendants. The positions held, and nature and extent of unpaid overtime wages and unpaid spread-of-hours wages are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

45. The Defendants, their officers, and directors are excluded from the NYLL Class, as well as all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

46. Plaintiff's claims are typical of those claims that could be alleged by any member of the NYLL Class, and the relief sought is typical of the relief which would be sought by each member of the NYLL Class.

47. Plaintiff is familiar with putative class members' specific experiences with respect to working overtime without receiving premium overtime pay.

8

48. Plaintiff and the NYLL Class have been subjected to common wage and hour violations in that they were deprived of overtime pay and premium spread-of-hours pay pursuant to Defendants' common policies, practices, and patterns of conduct, and they were not issued accurate wage notices and wage statements containing all required information.

49. Defendants' corporate-wide policies and practices affected everyone in the NYLL Class similarly, and Defendants profited from the same type of unfair, exploitative, and/or wrongful acts as to each member of the NYLL Class.

50. Plaintiff is able to fairly and adequately protect the interests of the NYLL Class and has no interests antagonistic to the NYLL Class.

51. Plaintiff is represented by attorneys who are experienced and competent in both class and collective action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

52. A class action is superior to other available methods of fair adjudication of NYLL claims, particularly because many of the putative members of the NYLL Class may be fearful of suffering retaliation if they independently commence a lawsuit, and may not have the resources to vigorously pursue a lawsuit.

53. Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting Plaintiff and/or each member of the NYLL Class individually and include, but are not limited to, the following: whether Defendants paid the NYLL Class premium overtime wages and spread-of-hours pay to which putative members of the NYLL Class were entitled to under the NYLL; and whether Defendants furnished Plaintiff and the putative NYLL Class members with accurate wage notices at the time of hire and wage statements on each payday as required by the NYLL and its supporting regulations.

54. Plaintiff and the putative NYLL Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.

55. Therefore, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the putative NYLL Class members' claims and Defendants' defenses to those claims.

56. At all relevant times, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the putative NYLL Class members.

57. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**Factual Allegations on Behalf of Plaintiff**

58. Plaintiff's job duties included transporting disabled individuals (AAR customers) to and from locations in Brooklyn, Queens, Manhattan, and the Bronx, and not over state lines.

59. Throughout Plaintiff's employment, Plaintiff was compensated at a fixed hourly rate of $27.00, including those over forty (40) per workweek.

60. Plaintiff was hired by the individual defendant, Lin, in approximately November 2022.

61. Shortly after Plaintiff was hired, Plaintiff asked Lin why Defendants were not paying him one and one-half times his regular hourly rate of pay ($27.00) for the hours Plaintiff worked above the first forty (40) per week. Lin responded (paraphrasing), "I don't pay overtime. I need to make money for myself."

62. Defendants continued their unlawful practice of paying "straight time" for overtime hours until approximately April 2024, when Defendants' commenced paying premium overtime compensation in response to paratransit drivers' demands and unionization efforts.

63. Plaintiff and the putative class and collective members were limited to driving routes solely in New York City and small portions of Nassau and Westchester Counties (*i.e.*, areas bordering New York City) because AAR rules prohibit paratransit drivers from carrying passengers beyond these limited geographic areas.

64. From November 2022 (when Plaintiff began working for Defendants) through approximately April 2024, Plaintiff and other paratransit drivers who worked evening shifts began their workdays at 4:15 p.m., and they were scheduled to return to the garage by 1:30 a.m.

65. From 4:15 p.m. to 4:25 p.m., Plaintiff and other evening-shift drivers would inspect their assigned vehicles.

66. At approximately 4:25 p.m., Plaintiff and the other evening-shift drivers would then leave the garage to perform their nightly, assigned routes until approximately 1:30 a.m.

67. However, because the amount of time it took for drivers to complete trips varied depending on a variety of factors, including traffic, drivers regularly worked past the scheduled end of their shifts, without receiving extra pay. As a result, although drivers were ostensibly paid on an hourly basis, in actuality, Plaintiff and other drivers were paid no wages at all for work that they performed after the scheduled end of their shifts.

68. Beginning in April 2024, after drivers began efforts to form a union, Defendants began keeping track of the actual times that drivers began and finished working.

69. Initially, Plaintiff understood that his work schedule would involve five days of work per week, with Fridays and Sundays off.

70. However, Plaintiff generally worked six or seven days per week.

71. For example, Plaintiff's earnings statement for the two-week pay period commencing March 3, 2023 through March 16, 2023 states that Plaintiff worked 93.55 hours

(*i.e.*, at least 13.55 overtime hours) during the foregoing period. However, Defendants paid Plaintiff his regular hourly rate of $27.00 for all of the hours he worked ($27 x $93.55 = $2,525.85), including the hours Plaintiff worked above the first forty (40) per week. Therefore, for the foregoing pay period, Plaintiff was underpaid by at least $182.93 ($13.5 x 13.55 hrs. = $182.93). A redacted copy of Plaintiff's foregoing earnings statement is attached hereto as Exhibit B.

72. The earnings statement that Defendants issued to Plaintiff for the two-week pay period commencing September 29, 2023 through October 12, 2023 provides an even more drastic example of how Defendants deprived Plaintiff over premium overtime pay for the hours he worked in excess of the first forty per week. During both of those weeks, Plaintiff worked all seven days, for a total of 121.46 hours over the two weeks. However, Defendants paid Plaintiff his straight hourly wage rate ($27.00) for all of those hours, with no premium overtime compensation. A redacted copy of Plaintiff's foregoing earnings statement is attached hereto as Exhibit C.

73. Defendants continued their foregoing practice of not paying premium overtime pay, irrespective of how many hours above forty Plaintiff and other paratransit drivers worked per week, until approximately April 2024.

74. Defendants' obfuscated their violations of the overtime requirements of the FLSA and NYLL by failing to provide Plaintiff and other paratransit drivers with wage notices at the time of their hiring, and also failing to provide wage statements showing hours worked per week.

75. Plaintiff, FLSA Collective Plaintiffs, and NYLL Class Plaintiffs sustained substantial damages from Defendants' willful acts and omissions described herein.

76. Defendants acted in the manner described herein to reap unlawful profits at the expense of Plaintiff and other paratransit drivers.

77. Defendants' conduct is particularly reprehensible because Defendants derive their revenues from public funds, pursuant to their contract(s) with the MTA.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. § 201** *et seq.*
**(Brought on behalf of Plaintiff and the FLSA Collective Members)**

78. Plaintiff, individually and on behalf of the FLSA Collective Members, repeats and realleges all prior allegations set forth above.

79. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Members were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) per week.

80. Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours per week during their employment with Defendants.

81. Until approximately April 2024, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Members overtime wages of one and one-half (1.5) times their regular hourly rates or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

82. All paratransit drivers employed by Defendants were subjected to the same violations of the FLSA's premium overtime pay provisions.

83. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Members the required overtime wages, Plaintiff and the FLSA Collective Members have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

84. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages complied with the law, Plaintiff and the FLSA Collective Members are entitled to liquidated damages equal to one-hundred percent (100%) of their unpaid wages.

85. Judgment should be entered in favor of Plaintiff and the FLSA Collective Members and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the R. 23 Class)**

86. Plaintiff repeats and realleges all prior allegations set forth above, with the same force and effect, as if fully alleged herein.

87. Pursuant to the applicable provision of the NYLL, Plaintiff and the Rule 23 Class members were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

88. Defendants employed Plaintiff and other paratransit workers for workweeks longer than forty (40) hours and willfully failed to pay them premium overtime compensation for the time worked in excess of forty (40) hours per week at a rate of not less than one and one-half (1 and ½) times their regular rate, in violation of the requirements of the NYLL.

89. Defendants' policy and practice of willfully refusing to pay overtime compensation to paratransit drivers continued until approximately April 2024.

90. As a result of Defendants' violations of the law and failure to pay Plaintiff and similarly situated paratransit drivers the required overtime wages, Plaintiff and the Rule 23 Class

14

members have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

91. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and members of the Rule 23 Class are entitled to liquidated damages.

92. Judgment should be entered in favor of Plaintiff and members of the Rule 23 Class against Defendants on the Second Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
### Spread-of-Hours Compensation, 12 NYCRR 142-2.18
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs, with the same force and effect, as if fully alleged herein.

94. On occasions, Plaintiff's workdays, and the workdays of Rule23 Class members, exceeded ten (10) hours.

95. Defendants' failure to pay spread-of-hours compensation of one hour's additional pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of the workday was greater than ten (10) hours violated the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.* ("MWA"), 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4.

96. Defendants' failure to pay Plaintiff and Rule 23 Class members an additional hour's pay for each day that spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

97.   Due to Defendants' foregoing violations of the NYLL, Plaintiff and members of the Rule23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Failure to Provide Payroll Notices Under the NYLL**
**(Brought on Behalf of Plaintiff and Members of the R. 23 Class)**

98.   Plaintiff repeats and realleges all prior allegations set forth above with the same force and effect, as if fully alleged herein.

99.   Defendants failed to furnish to Plaintiff and members of the Rule 23 Class, at their time of hire or at any time thereafter, valid notices accurately containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

100.   As Defendants failed to provide Plaintiff and members of the Rule 23 Class with payroll notices as required by NYLL § 195(1), Plaintiff and members of the Rule 23 Class are each entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

101.   Judgment should be entered in favor of Plaintiff and members of the Rule 23 Class against Defendants on the Fourth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
**Failure to Provide Wage Statements under the NYLL**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

102. Plaintiff repeats and realleges all prior allegations set forth above with the same force and effect, as if fully alleged herein.

103. Throughout the relevant time period, Defendants failed to furnish to Plaintiff and members of the Rule 23 Class, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

104. As Defendants failed to provide Plaintiff and members of the Rule 23 Class with wage statements as required by NYLL § 195(3), they are entitled to statutory damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

105. Judgment should be entered in favor of Plaintiff and members of the Rule 23 Class and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly-situated persons, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Collective, apprising them of the pendency of this action,

permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Members;

  B. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the NYLL Class members and appointing Plaintiff and his counsel to represent the class;

  C. An order tolling the statute of limitations;

  D. That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA as to the Plaintiff, the FLSA Collective, and the NYLL Class;

  E. That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

  F. That the Court declare, adjudge and decree that Plaintiff, the Collective Action Members, and Rule 23 Class Members were at all times relevant hereto, and are, entitled to compensation for unpaid premium overtime wages for work beyond 40 hours in a week, and that unpaid overtime wages are to be doubled as liquidated damages and awarded thereto;

  G. That the Court make an award to the Plaintiff, FLSA Collective Action members, and the Rule 23 Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

  H. For all other orders, findings and determinations identified and sought in this Complaint;

  I.  For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate, under the NYLL and CPLR;

  J.  Declaring that Defendants violated the notices and record keeping provisions of NYLL and WTPA;

  K.  An award of statutory damages for Defendants' failure to provide Plaintiff and the Rule 23 Class with accurate wage statements pursuant to NYLL § 198(1-d);

  L.  An award of statutory damages for Defendants' failure to provide Plaintiff and the Rule 23 Class with proper wage notices pursuant to NYLL § 198(1-b);

  M.  For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

  N.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: New York, New York  
   July 31, 2024

Respectfully submitted,

RAPAPORT LAW FIRM, PLLC

By: /s/ Marc A. Rapaport  
Marc A. Rapaport  
80 Eighth Avenue, Suite 206  
New York, New York 10011  
Ph: (212) 382-1600  
mrapaport@rapaportlaw.com

*Attorneys for Plaintiff, the Putative Collective, and the Putative Class*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

## SECTION 630, BCL

**TO: JAY LIN**

     **PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that MASON DAVIS, on behalf of himself and all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of GOGO BUS TOURS INC, for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
       July 31, 2024

                                          RAPAPORT LAW FIRM, PLLC

                                          */s/ Marc A. Rapaport*
                                          Marc A. Rapaport
                                          80 Eighth Avenue, Suite 206
                                          New York, New York 10011
                                          Telephone: (212) 382-1600
                                          mrapaport@rapaportlaw.com

                                          *Attorneys for Plaintiff, the Putative*
                                          *Collective, and the Putative Class*